FILED
CLERK, U.S. DISTRICT COURT

December 16, 2014

CENTRAL DISTRICT OF CALIFORNIA
BY: ___TS___ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD MICHAEL GALVEZ, | Case No. CV 13-1279-SVW (DFM) |
| Petitioner, | ORDER ACCEPTING IN PART REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND SEPARATE ORDER |
| v. | |
| GREG LEWIS, | |
| Respondent. | |

     Pursuant to 28 U.S.C. § 636, the Court reviewed the petition, the record, and the Report and Recommendation of the United States Magistrate Judge. Petitioner did not file written objections to the report. The Court accepts the findings and recommendation of the Magistrate Judge contained in Parts I, II, III(A)(1), III(B)(1), and III(C) of the Report and Recommendation. Although the Court agrees with the Report and Recommendation's conclusions in Parts III(A)(2) and III(B)(2), the files a separate order replacing those sections.

**A.    Petitioner's Claim that the Prosecution Interfered with His Right to Present a Defense Does not Warrant Habeas Relief**

**2. Analysis**

Prosecutorial misconduct warrants habeas relief if it "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986); *accord Renderos v. Ryan*, 469 F.3d 788, 799 (9th Cir. 2006). In *Drayden*, the Ninth Circuit translated *Darden* into a two-step inquiry: first the prosecutor's actions must be improper and, if so, the misconduct must "infect" the trial and render it "fundamentally unfair." *Drayden v. White*, 232 F.3d 704, 713 (9th Cir. 2000).

Interference with the presentation of defense witnesses may constitute prosecutorial misconduct. *See Williams v. Woodford*, 384 F.3d 567, 601–02 (9th Cir. 2004) ("Undue prosecutorial interference in a defense witness's decision to testify arises when the prosecution intimidates or harasses the witness to discourage the witness from testifying, for example, by threatening the witness with prosecution for perjury or other offenses."). The Court, however, need not reach *Darden*'s impropriety prong because the prejudice analysis is dispositve.

In a case premised on the prosecution's interference with the defendant's witnesses, "the prosecution's conduct must amount to a substantial interference with the defense witness's free and unhampered determination to testify before the conduct violates the defendant's right to due process." *Williams*, 384 F.3d at 602; *see also Brecht v. Abramson*, 507 U.S. 619, 637–38 (1993) (requiring actual prejudice); *Shaw v. Terhune*, 380 F.3d 473, 478 (9th Cir. 2004) (interpreting *Brecht* to limit relief to errors that cause a substantial injurious effect or influence on the verdict).

Petitioner cannot meet *Williams*'s prejudice standard. He submits that the prosecution's threat to charge his alibi witnesses with aiding and abetting—which dissuaded them from testifying—denied him due process. However, Petitioner ascribes too much influence to the prosecutor's threat: the witnesses persevered in their decisions to testify even after they heard that they could be prosecuted for doing so. Because the witnesses' desire to testify

1  persisted—notwithstanding the threats leveled against them—the prosecutor's conduct did not
2  "amount to a substantial interference with the defense witness[es'] free and unhampered
3  determination to testify." *Williams*, 384 F.3d at 602; *see also Smith v. Phillips*, 455 U.S. 209,
4  219 (1982) ("[T]he touchstone of due process analysis in cases of alleged prosecutorial
5  misconduct is the fairness of the trial, not the culpability of the prosecutor."); *cf. United States v.*
6  *Morrison*, 535 F.2d 223, 225–26 (3d Cir. 1976) (finding violation of due process where the
7  "pressure brought to bear on [the witness] by the [prosecutor] interfered with the voluntariness of
8  her choice" to testify).
9        The ineffectiveness of the prosecutor's threat also severs the causal relationship between
10 the misconduct and the harm.  The witnesses did not testify because Petitioner's lawyer did not
11 call them to the stand.  Consequently, this scenario is more properly recognized as an ineffective
12 assistance of counsel claim, which is addressed below.
13       Thus, Petitioner did not meet his burden under AEDPA of showing that there was no
14 reasonable basis for the state court's rejection of Petitioner's claim of prosecutorial misconduct.
15 *See Richter*, 131 S. Ct. at 784.  Petitioner, therefore, is not entitled to habeas relief on this claim.

16 **B.**     **<u>Petitioner's Claim of Ineffective Assistance of Counsel Does Not Warrant Habeas</u>**
17 **<u>Relief</u>**

18       **2. Analysis**
19
20       Ineffective assistance of counsel claims have two prongs: deficient performance and
21 prejudice.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Deficient representation falls
22 below an objective standard of reasonableness, which is measured under prevailing professional
23 norms.  *Id.* at 687–88.  This standard requires Petitioner to show that "in light of all the
24 circumstances, the identified acts or omissions were outside the wide range of professionally
25 competent assistance." *Id.*  In doing so, he must overcome a "strong presumption" that his
26 lawyer "rendered adequate assistance and made all significant decisions in the exercise of
27 reasonable professional judgment." *Id.* at 690.  Moreover, to meet his burden of showing the
28

distinctive kind of "prejudice" required by *Strickland*, Petitioner must affirmatively "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Petitioner submits that his trial counsel was ineffective for failing to present his alibi witnesses and present an adequate alibi defense. The Report and Recommendation accurately describes why the failure to present alibi evidence in support of Petitioner's defense, in the abstract, is not per se ineffective assistance of counsel. More specifically, the decision not to call alibi witnesses in this case could be justified as a legitimate and effective trial tactic because the witnesses were vulnerable to impeachment. *See Gonzalez v. Wong*, 667 F.3d 965, 988 (9th Cir. 2011) (holding that trial counsel's failure to present witnesses did not constitute ineffective assistance where the witnesses were "family or close friends" whose testimony was therefore "suspect based on their close relationship with [the petitioner]"); *Lord v. Wood*, 184 F.3d 1095 (9th Cir. 1999) ("Few decisions a lawyer makes draw so heavily on professional judgment as whether or not to proffer a witness at trial."); *Jiminez v. Sisto*, No. 06-3549, 2009 WL 2086646 (N.D. Cal. July 13, 2009) ("Failing to make an argument and call witnesses is not per se ineffective performance; it is a recognized defense strategy that in some cases it is best to stand on the evidence the prosecutor has presented and take the position that it doesn't amount to the crime charged.").[1]

However, a more subtle and difficult inquiry lurks behind this argument: whether Petitioner's trial counsel acted deficiently in allowing the prosecutor's threat to improperly influence his decision to call the witnesses to testify. Although no authority speaks to this exact set of facts, if the trial counsel decided not to call alibi witnesses because the prosecution threatened those witnesses—rather than in the legitimate pursuit of his client's best interests—his decision was outside the wide range of professionally competent assistance and

---

[1] The Magistrate Judge's Report and Recommendation also considers Petitioner's allegation that counsel failed to adequately investigate his alibi defense. As the Magistrate Judge correctly notes in his Report and Recommendation, the record belies this contention. Because Petitioner did not identify any additional witnesses or evidence that would have been discovered through further investigation, he is not entitled to habeas relief on that ground.

was objectively unreasonable. *See Alvord v. Wainwright*, 469 U.S. 956, 961 (1984) (indicating that defense counsel is obligated to act in his client's best interests under almost all circumstances).

Affidavits by Petitioner's family establish that trial counsel had the witnesses ready and willing to testify to establish an alibi, and that he instructed them to be at the courthouse the next morning at 10:00AM. They also establish that he then reversed course—when they arrived the next day, the trial had ended and counsel informed them that their testimony would not have helped Petitioner. He further informed the prospective witnesses of the District Attorney's threat when they insisted on testifying.

Although these facts could support the inference that the prosecutor improperly influenced Petitioner's trial counsel, they do not establish that theory beyond reasonable debate. The California Supreme Court summarily denied Petitioner's Habeas Corpus Petition; therefore, Petitioner still must show that there was no reasonable basis for the state court to deny relief. *See Richter*, 131 S. Ct. at 784. His lawyer's decision not to call the alibi witnesses could have been the product of impermissible influence. But there is also evidence that the witnesses could have been impeached easily and their testimony would have been unhelpful. Therefore, the decision not to call them could have been part of a legitimate strategy, *see, e.g., Gonzalez*, 667 F.3d at 988, and, thus, within "the wide range of professionally competent assistance," *Strickland*, 466 U.S. at 690. Simply put, Petitioner's evidence does not ascertain his trial counsel's true motives. And because there is reasonable argument that Petitioner's trial counsel satisfied *Strickland*'s deferential standard, this Court cannot grant Petitioner's requested relief.

Dated: December 8, 2014

_____
STEPHEN V. WILSON
United States District Judge

5